13-4243-cv
Song v. Inhae Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand fourteen.

PRESENT: DENNIS JACOBS,
　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　　　　<u>Circuit Judges</u>,
　　　　　LEWIS A. KAPLAN,<sup>*</sup>
　　　　　　　　　　　<u>District Judge</u>.



- - - - - - - - - - - - - - - - - - - - -X
DE PING SONG, YANG XU, BAI SONG LI,
CHUN SEN ZHU, YAN ZHANG, JIE LI,
　　　　<u>Plaintiffs-Appellees</u>,

　　　　-v.-　　　　　　　　　　　　　　13-4243

INHAE CORPORATION,
　　　　<u>Appellant</u>.<sup>**</sup>
- - - - - - - - - - - - - - - - - - - - -X

---

<sup>*</sup>Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

<sup>**</sup>The Clerk of Court is respectfully directed to amend the official caption in this case to conform to the caption as set forth above.

**FOR APPELLANT:**  RICHARD H. DOLAN, Schlam Stone & Dolan LLP, New York, New York.

**FOR APPELLEES:**  YOUNG WOO LEE, The Legal Aid Society, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED** with instructions to **DISMISS** the complaint without prejudice.

Inhae Corporation appeals from the judgment of the United States District Court for the Eastern District of New York (Wexler, <u>J.</u>), holding Inhae Corporation liable, on a theory of successor liability, for a judgment entered against the former owners of a nail salon in connection with Fair Labor Standards Act violations. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review." <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 541 (1986) (internal quotation marks omitted). "When the lower federal court lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." <u>Id.</u> (internal quotation marks and alterations omitted). "We review the question of subject-matter jurisdiction <u>de novo</u>." <u>City of New York v. Mickalis Pawn Shop, LLC</u>, 645 F.3d 114, 126 (2d Cir. 2011).

Where a new substantive theory – here, successor liability – is advanced to establish liability as to a new party, some independent ground is necessary to assume federal jurisdiction over the claim. <u>Epperson v. Entm't Express, Inc.</u>, 242 F.3d 100, 106 (2d Cir. 2001) (recognizing need for independent jurisdictional hook where a claim "raise[s] an independent controversy with a new party in an effort to shift liability"); <u>see also</u> <u>Peacock v. Thomas</u>, 516 U.S. 349, 357 (1996). No such independent ground has been

2

established here.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction" (internal citations omitted)).

For the foregoing reasons, the judgment of the district court is **VACATED** and the matter is **REMANDED** so that the district court may **DISMISS** the complaint without prejudice. The mandate shall issue forthwith.  Because the appeal has been decided, the mandate to issue forthwith, Inhae Corporation's motion pursuant to Federal Rule of Appellate Procedure 8(a)(2) is moot and denied as such.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK